IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARD OF TRUSTEES OF BOILERMAKERS LODGE NO. 154 COMBINED FUNDS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 05-1217 |
| THERMAL COATING SERVICES, METALSPRAY, INC., BOILER THERMAL SERVICES, INC., FRANK EASTERLY, | ) ) Judge Lancaster ) Magistrate Judge Hay ) ) ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully submitted that the defendants' Motion to Dismiss (doc. 8) be denied.

REPORT

Pursuant to a collective bargaining agreement ("CBA") between the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers for Field Construction Work performed within the jurisdiction of Local Union No. 154, Pittsburgh, Pennsylvania (the "Union") and the Boilermaker Employers of the Western Pennsylvania Area (the "Employers"), the Employers agreed to pay into the Boilermakers health and welfare plan, according to an allocation set forth in the plan's trust agreement, during the term of the CBA, i.e., June 1, 2000 - May 31, 2003.[1]  The plaintiff, Board of Trustees of Boilermakers Lodge No. 154

---

[1] CBA, Article XX (doc. 10).

Combined Funds (the "Trustees"),[2] brings suit against the defendants/Employers, Thermal Coating Services, Metalspray, Inc., Boiler Thermal Services, Inc., and Frank Easterly, alleging that they failed to make payment of amounts due the multiemployer health and welfare plans for classified work performed by defendants' employees during the period of May 1, 2003 through May 31, 2003.  The Trustees assert jurisdiction under the Labor-Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.[3]  It appears that the Trustees seek to enforce section 1145, which provides as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  The Trustees seek, *inter alia*, to collect the unpaid contributions, together with interest.  Although not specified in the Complaint, it would appear that the Trustees are asserting the suit falls within 29 U.S.C. § 1132(a)(3)(A).[4]  Section 1132(a)(3)(A) provides in pertinent part that "[a] civil action may be brought ... by a participant, beneficiary, or fiduciary ... to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan."  The Trustees assert their relationship to the Union-Employers CBA is that of third-party beneficiary and fiduciary.

---

[2]  The Combined Funds appear to be employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1)(2) & (3).

[3]  Complaint, ¶ 2.

[4]  Plaintiff's Brief in Response to Motion to Dismiss, p. 5.

Presently before the court is defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6), wherein defendants assert that the CBA contains grievance and arbitration procedures which the Trustees have failed to exhaust and, therefore, the Trustees lack standing to bring suit.[5] Defendants argue the court lacks subject matter jurisdiction over the ERISA claim and as a result, cannot properly exercise supplemental jurisdiction over plaintiff's state law claims. Additionally, the defendants argue that the complaint fails to state a claim upon which relief can be granted. The matter has been fully briefed and is ripe for decision.

*Discussion*

The defendants' argument is that, under Article XVIII (Grievance and Arbitration Procedure) of the CBA,[6] before the Trustees may bring an ERISA suit they must exhaust administrative remedies contained in the grievance and arbitration provision of the CBA and having failed to exhaust, all causes of action in the Complaint must fail. We disagree.

First, we note that defendants have not provided the court with any authority for their conclusion that the Trustees are subject to and bound by the terms and conditions of the CBA, which is a contract between the Union and the Employers. Nowhere in that contract is there language or any suggestion that the Union and the Employers intended to require arbitration of disputes between the Trustees and the Employers. See Schneider Moving & Storage Co. v.

---

[5] More properly, the question involves the ripeness doctrine since ripeness is concerned with when an action may be brought and standing focuses on who may bring a ripe action. Armstrong World Industries, Inc. by Wolfson v. Adams, 961 F.2d 405, 411 n.13 (3d Cir. 1992).

[6] Article XVIII provides, in pertinent part, that "[a]ll grievances involving the interpretation and application of this Agreement, other than those pertaining to general wage rates or jurisdictional disputes, that may arise on a job covered by this Agreement shall be handled [through the grievance and arbitration procedures provided herein]." CBA, Art. XVIII (doc. 10).

3

Robbins, 466 U.S. 364, 374 (1984)("in the absence of evidence to the contrary ... we will not infer that the parties to the ... multiemployer trust funds intended to condition the trustees' enforcement authority on the arbitration procedures contained in... [the] collective-bargaining agreement."). As in Schneider, we will not infer such a requirement.

The Trustees' relationship to the CBA can be viewed as that of third-party beneficiary. Trustees of the National Elevator Industry, Pension, Welfare and Educations Funds v. Artt Elevator Company, 1989 WL 41398, * 2 (E.D.Pa. Apr. 24, 1989). As well, the Trustees are fiduciaries who "must 'take action against employers who fail to contribute to the fund[s] as required by the plan. This obligation could require the trustees to commence suit [or take other appropriate action],' Rosen v. Hotel and Restaurant Emp. & Bartenders Union of Philadelphia, Bucks, Montgomery and Delaware Counties, Pa., 637 F.2d 592, 600 (3d Cir.1981)," to safeguard the direct beneficiaries' interest in the Combined Funds. Kilkenny v. Guy C. Long, Inc., 288 F.3d 116, 121 (3d Cir. 2002). Accordingly, ERISA permits fiduciaries to sue in federal court as a means of enforcing the terms of a benefit plan. 29 U.S.C. § 1132(a)(3). In enacting ERISA's enforcement provision at 29 U.S.C. § 1145, it was Congress's purpose to allow trustees of plans to recover delinquent contributions "efficaciously, and without regard to issues which might arise under labor-management relations law." Central Pennsylvania Teamsters Pension Fund v. McCormick Dray Line, Inc., 85 F.3d 1098, 1103 (3d Cir. 1996)(internal quotation and citation omitted).

The language of the CBA here requires arbitration only for grievances involving the interpretation and application of the CBA arising from a job covered by the CBA. The instant action does not appear to stem from such a grievance. Moreover, as noted, the Trustees

4

are not parties to the CBA and there is no evidence that the parties to the CBA intended to require the Trustees to submit to arbitration before they sue to collect monies owed to the Combined Funds by virtue of the CBA.  This is not surprising since "[a]rbitration promotes labor peace because it requires the parties to forgo the economic weapons of strikes and lockouts. Because the trustees of employee-benefit funds have no recourse to either of those weapons, requiring them to arbitrate disputes with the employer would promote labor peace only indirectly, if at all."  Schneider, 466 U.S. at 372.

Defendants argue that language in the Complaint establishes that the Trustees are acting as "agents" of the signatories to the CBA, presumably the Union, and, therefore, under agency principles the Trustees are bound by the provisions of the CBA.  As support for this argument, defendants point to paragraph 3 of the Complaint, which provides as follows:

> 3. The Boilermakers Lodge No. 154 Combined Funds are employee benefit plans within the meaning of [ERISA] ... and bring this action in behalf of the board of trustees, participants and beneficiaries.

Defendants would have this court torture what is otherwise clear language that establishes the action is being brought on behalf of the trustees, participants and beneficiaries of the Combined Funds and not the Union.  We decline to do so.

Further, in support of their motion to dismiss, defendants have relied upon cases that simply are not relevant to the issue at hand and even if there were some relevance, the cases are readily distinguishable.  In Harrow v. Prudential Ins. Co. of America, 279 F.3d 244 (3d Cir. 2002), an ERISA beneficiary sued the insurance company on a claim of wrongful denial of benefits.  The insurance company moved to dismiss on grounds of failure to exhaust specific

grievance resolutions procedures contained in the plan/contract between the beneficiary and the company. Unlike Harrow, here the Trustees are not a party to a plan or contract with specific procedures for resolving the issue at hand, i.e., a deficiency of contributions to the Combined Funds.

In Kilkenny, supra, union-appointed trustees of a union benefit fund sued the employer under the Labor Management Relations Act (LMRA) and ERISA for an accounting and recovery of contributions allegedly due the fund for work performed by a rival union where both the CBA and the trust agreements contained provisions requiring arbitration. There are several distinctions between Kilkenny and the instant case. The suit in Kilkenny was brought by the union-appointed trustees without the support of the employer-appointed trustees, which violated the terms of the trust agreements for resolving trustee deadlocks. Additionally, the suit involved a dispute over which union was entitled to receive contributions already made by the employer. By contrast, here there is no language or agreement that restricts or limits the Trustees' collection of delinquent funds to grievance or arbitration procedures.

In D'Amico v. CBS Corp., 297 F.3d 287 (3d Cir. 2002), pension plan participants brought a breach of fiduciary duty claim pursuant to Section 404 of ERISA, 29 U.S.C. § 1104(a), against their former employer and the issue concerned whether their allegations amounted to a claim for Plan benefits which required exhaustion under Harrow. The plan in D'Amico contained clear exhaustion requirements for claims based on denial of benefits. Here, again, the Trustees are not a party to or direct beneficiary of any plan or contract and the issue is delinquency of contributions not denial of benefits.

In <u>Amato v. Bernard</u>, 618 F.2d 559 (9th Cir. 1980), a union member brought suit against trustees of a pension trust and argued that ERISA abrogated the specific exhaustion procedures contained in the trust instrument. The facts and issues of the <u>Amato</u> case are simply not those found in the instance case. Accordingly, defendants' reliance on <u>Amato</u> and the other aforementioned cases is misplaced.

In our view, the district court has jurisdiction of this matter pursuant to 29 U.S.C. § 1132(a)(3)(A) on plaintiffs' claim to remedy the defendants' alleged failure to make contributions to the Combined Funds as required under the CBA. The Trustees properly filed suit in federal court and the matter is ripe for judicial review pursuant to 29 U.S.C. § 1132(e)(1), which provides that, "except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in § 1021(f)(1) of this title." Accordingly, defendants's motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

               Respectfully submitted,

               /s/ Amy Reynolds Hay
               AMY REYNOLDS HAY
               United States Magistrate Judge

Dated: May 2, 2006

cc:     Hon. Gary L. Lancaster
        United States District Judge

        Stephen J. O'Brien, Esquire
        71 McMurray Road
        Suite 205
        Pittsburgh, PA 15241

        Timothy J. Burdette, Esquire
        733 Washington Road
        Suite 209
        Pittsburgh, PA 15228